09CV1379 McKnight Judgment
9/15 FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2010 SEP 16 P 3:57

U.S. DISTRICT COURT
HARTFORD, CT.

JAMAR McKNIGHT,
    Plaintiff,

v.

THERESA LANTZ, et al.,
    Defendants.

PRISONER
CASE NO. 3:09-cv-1379(AVC)

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff moves for summary judgment on his claims that the defendants, Fred Levesque and Stephen Clapp, deprived him of a protected liberty interest in avoiding confinement in administrative segregation in violation of his rights under the due process clause and that the defendants, Brian K. Murphy and Theresa Lantz were deliberately indifferent to his letters seeking to redress the alleged due process violation. The defendants oppose the motion. For the reasons that follow, the plaintiff's motion is denied.

Rule 56(a) of the local rules for the district of Connecticut, requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs, meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the rule 56(a)1 statement "must

be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the local rule 56(a)1 statement. This specific citation requirement applies to *pro se* litigants as well as to attorneys. Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

The plaintiff has filed a motion for summary judgment and a statement of undisputed facts. He has not filed the required memorandum. The plaintiff's motion for summary judgment is, therefore, denied without prejudice for failure to comply with the local rules.

The court also notes that the plaintiff did attached exhibits to his statement of undisputed facts and refers to the exhibits in the statement of facts. The plaintiff's statements, however, are not all supported by the referenced exhibits. For example, the plaintiff repeatedly states that he was found not guilty of two disciplinary charges. See Doc. #25-1, ¶¶ 5, 6, 10. The Disciplinary Process Summary Reports indicate however that the charges were dismissed for process failure; the plaintiff did not receive a copy of the disciplinary report within twenty-four hours as required under prison rules. The first pages of the

Disciplinary Process Summary Reports[1] show that the hearing officer made no finding of guilty or not guilty. See Doc. #25-1, Ex. B. If the plaintiff decides to refile his motion for summary judgment, he must present evidence demonstrating that he had a constitutionally protected right and that the defendants violated that right.

**Conclusion**

In conclusion, the plaintiff's motion for summary judgment [**Doc. #25**] is **DENIED** without prejudice.

**SO ORDERED** this *15TH* day of September 2010, at Hartford, Connecticut .

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge

---

[1] The plaintiff provided the first page of the Disciplinary Process Summary Reports for the two disciplinary reports but two copies of the second page of the Disciplinary Process Summary Report for the first disciplinary charge.

3